[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: APPLICATION FOR PREJUDGMENT REMEDY OF REPLEVIN
This matter came before the court on September 16, 1991, on an application for prejudgment remedy of replevin filed subsequent to the return of the complaint.
Counsel for the defendant, Walter Domkowski, argued that a prior application for prejudgment remedy, filed before return of the complaint, was heard and denied by Judge Robert Fuller. The file does not reflect any formal decision having been entered by Judge Fuller.
A review of the transcript reveals, in such part as is pertinent hereto, that Judge Fuller, because of the nature of the claim for relief and the defense raised, declined to act on the application but instead advised the plaintiff to return the writ. summons and complaint to court, and for both parties to proceed to close the pleadings and claim the matter for a trial on the merits.
This has been done and the matter claimed for trial as of September 5, 1991.
The parties, at the September 16, 1991 proceeding before this court, produced no testimony, but generally argued the merits of their claims, including the question of whether Judge Fuller made a definitive ruling on the matter. The parties also submitted post-hearing briefs which fully set forth their legal arguments and a recitation of facts which basically are consistent with the documents filed with the court, and which consist of the following: CT Page 9260
 1. Plaintiff's affidavit; 2. Copy of security agreement; 3. Plaintiffs notice letter demanding return of vehicle from defendant; 4. Copy of motor vehicle Certificate of Title reflecting plaintiffs security interest in vehicle; 5. Copy of motor vehicle Certificate of Title reflecting an unencumbered title in defendant; and 6. Copy of transcript of proceeding before Judge Fuller.
The facts revealed therein reflect that the plaintiff, Associates Commercial Corporation, seeks to recover an Isuzu truck and platform on a claim of default of a finance contract on the part of the original purchaser, Western Business Service, Inc. The plaintiff is the assignee of the contract from Mack Truck Sales, Connecticut, Inc., the original seller of the items.
As indicated above, both parties claim to have valid interests in the vehicle, evidenced by separate Certificates of Title issued by the Connecticut Department of Motor Vehicles; the plaintiff's being a security interest on certificate dated April 19, 1988, and the defendant's being a title interest on certificate dated December 12, 1990.
In addition, the defendant, by way of a disclosure of defense, claims status as bona fide purchaser. The defendant claims that his seller, Central Auto Service, obtained clear title to the property through C.G.S. 14-150, which sets forth the procedures relating to abandoned motor vehicles and that title has been passed on to him free and clear of any encumbrances. No evidence has been offered to show how Central came into possession of the vehicle.
The plaintiff claims, in addition to having a prior perfected security interest in the vehicle, that the defendant has not satisfied the statutory conditions under which a buyer in the ordinary course takes free of a perfected security interest. C.G.S. 42a-1-201(a) and 42a-9-307. The plaintiff claims further that to permit the defendant to extinguish the plaintiff's property rights to the vehicle without hearing is a violation of its due process rights.
Obviously, this matter is replete with issues that should be resolved only after the presentation of evidence in a full trial setting on the merits. The granting of a prejudgment replevin relief, under the circumstances of this case, would appear to be dispositive of the matter. Since a prejudgment remedy procedure is not intended to provide a full scale final hearing, but is limited to a hearing in probable cause to provide temporary relief, it does not appear to be the appropriate vehicle to accomplish a final resolution of this matter. CT Page 9261
Accordingly, in view of the fact that the matter is claimed and ready for trial in apparent compliance with Judge Fuller's direction, this court will order the matter to be set down for trial, and thereby provide both parties with the opportunity to fully pursue their claims and defenses by presentation of testimony and evidence, limited only by the rules of evidence and civil procedure.
MAIOCCO, J.